Mr. Brown, first case on the dollar, $3,17,074 against the people of the state of Illinois, against Keithley v. Christopher Keithley v. Senator Connell. Arguing on behalf of Mr. Senator Connell, Mr. Mark B. Fisher. Arguing on behalf of the plaintiff's attorney, Mr. Barry W. Davis. Mr. Fisher. Good morning, Your Honors. May it please the Court, counsel. My name is Mark Fisher. I'm with the Third District Office of the State Appellate Defender, and I represent the defendant in this case, Christopher Keithley. Mr. Keithley was convicted in a bench trial with two counts of predatory sexual assault of a child and one count of aggravated criminal sexual abuse. He received three consecutive sentences, totaling 22 years in prison. He subsequently filed a pro se post-conviction petition that was summarily dismissed at the first stage of post-conviction review. A single issue is raised on appeal. The summary dismissal order was erroneous because the defendant's petition stated the gist of the claim, that he received ineffective assistance of counsel during plea negotiation. I ask you a threshold question along those lines. When did the State make the plea offer, and when was it rejected? Well, that is not clear from the record, Your Honor. There is a reference during one of the preliminary hearings, transcripts in the record, that a plea offer had been made, the negotiations were ongoing, no specifics were provided. There was no other reference in the record about plea negotiations or plea offer until the defendant's pro se petition. He did not specifically state when the offer was made. Clearly, it would have been sometime before he proceeded to his bench. Shouldn't that have been alleged? Or otherwise, are we being asked to fill in some gaps in the petition? Well, I – you know, for one thing, the defendant might not recall the specific date. I don't know if the specific date is all that important. With respect to recollection, in the post-conviction petition, your client says that he did not find out that he was facing a possible mandatory life or a possible life of mandatory supervised relief until the day of trial. Isn't that allegation contradicted by the record? He was told when he – both at his arraignment and also when he waived his right to a jury trial that he was facing possible life of mandatory supervised relief, correct? That was one of the claims in the petition. Some of the primary claim in the petition is that the State made a plea offer that would have resulted in a 10-year prison sentence. The offer was conveyed to him by his trial attorney. But up to that point, he did not know he was facing mandatory consecutive sentences if convicted of two or all three of the charged offenses. He was told that at his arraignment. He was not. And he was told that – he was not told that at arraignment. At the arraignment, the judge correctly told him the applicable sentencing range with respect to all of the charged offenses. The judge did not say anything at that time about mandatory consecutive sentences. How about at the waiver? At the waiver, defendant acknowledges, record clearly shows the judge did tell him about consecutive sentences. The problem – the problem – Was the offer conveyed before or after the waiver? I'm not sure the offer would have had to have been before because at that point, he was waiving his right to a jury and proceeding to a bench, so clearly he would have rejected the plea offer prior to that time. And the judge, instead of saying, hey, I misunderstood, I would have accepted the plea offer, he stands mute. He just says, yes, I understand. He says yes. He did. How is that – how does that not contradict what he's saying in his petition? Well, if he had said, oh, yes, I knew that from the beginning, or oh, yes, my attorney has discussed that with me, you know, et cetera, et cetera, that would contradict. Does this give rise to a question? I think it gives rise to a question, but I would submit, Your Honors, that's a question that cannot be determined at the first stage. This is – clearly it's a matter outside the record. It's based on private conversations he would have had with his trial attorney. The principle that a claim is without merit, if it's contradicted or completely rebutted by the record, applies to first-stage dismissals as well. Sure. Don't you agree? Yes. So if we review – if we look at this record, and by the way, it's one of the cases you cited. In that case, as Justice Neville said, he wrote this position, we've reviewed the record. There's nothing in the record that contradicts the claim. And here we have something in the record that clearly contradicts the claim. Why does the principle not apply to this case? Defendant submits there is nothing in the record that contradicts the claim. Yes, there – one might expect some individuals, when told at the time of the jury waiver they're facing consecutive sentences, some individuals, certainly individuals perhaps with more education, perhaps with more experience, but other individuals as well, certainly some might speak up and say, oh, wait a minute, I didn't know that. I was never told that's possible. But on the other hand, I think a lot of defendants and other litigants are taught to speak through their attorneys and don't necessarily speak up in open court to the judge. This was also, again, a time after he had already rejected the plea offer, and so you might have thought, well, even if he would have spoken up at that point, the plea offer was already rejected, he couldn't bring it back. The standard is low, sitting in justice, but you still have to have facts. And if those facts that are alleged in a petition are contradicted by the record – I don't believe they are, Your Honor. There is certainly a question of otherwise. Let me ask you this. How about an elocution where he had an open and blanket opportunity to say something? I don't know that – It's not unusual. Is it unusual for defendants to complain at elocution about the performance of their lawyers if they're really dissatisfied? Well, some do. We all know people versus Franklson complain post-trial, some complain pre-trial. It depends on the individual. It depends on the defendant. The fact that he didn't speak up I don't believe contradicts the claim, and the claim is based on private conversations that presumably took place between he and his attorney during the course of the representation and particularly at the time he was weighing the plea offer. And it certainly wasn't the judge's – the defendant's not faulting the judge in his petition. He's faulting trial counsel. Trial counsel needed to give him all the information he needed to decide whether or not to accept the offer, and he alleges in this petition, getting known about the mandatory consecutives, he would have accepted the offer, which again would have resulted in a 10-year prison sentence, which is quite a bit less than the aggregate term of 22 that he's currently serving. Now, as your Honor's well-known, people versus Hodges, the Illinois Supreme Court clarified or perhaps amplified the gist standard saying the petition is subject or is not subject to summary dismissal unless it raises a frivolous or a fanciful claim, and the defendant admits this is not fanciful. It's not beyond the realm of possibility. He didn't receive this information when he made the decision to reject the plea. Hodges also said that a petition is not subject to summary dismissal unless it's based on an indisputably meritless legal theory. Your Honor mentioned one of the cases cited in the briefs. There are some others where defendants under similar circumstances have obtained a release. I would submit this was not an indisputably meritless legal theory. It would have been effective. Well, it would be if you had acknowledged if in fact the allegations were rebutted, but your bottom line position is these allegations are not rebutted by the record. Correct. Notwithstanding, there was no specificity about when the offer was made and rejected. Right. And I would submit that like many pro se petitions, this petition was not particularly artfully drafted. The timing, perhaps, is one thing. At one point in the petition, he references MSR. At another point, he references sex offender registration, although he just calls it registration. Certainly, if counsel were to be appointed at second stage and given the opportunity to file an amended petition, I think an amended petition would probably be filed here and would clear up some of those questions. Let me ask you a pointed question. The fact that he is not alleged in the petition doesn't tell us when the offer was made and when it was rejected. Why isn't that fatal to the petition? I don't know that the timing is all that germane. Clearly, it had to be made and rejected at some point between the time that he was charged and the time that he was convicted in the bench trial. Once he was convicted, there wouldn't be any plea offer. There would be an odd circumstance. So it had to come somewhere in between. I don't know that the precise date is, again, germane to the question. Again, we do know from the record, there's at least a brief indication in the record that there were plea negotiations at some point in time. And this was an odd case because there were about four years of lapse from the time that he was charged until the time he eventually went to trial. We do know from the record that there was an offer that was conveyed. We do know that the offer was rejected. Yes. And we know that before the trial, the defendant was fully informed as to all the consequences. Correct? At the time that he waived the jury and went to his bench trial. Correct. Correct. Which must have been after he rejected the plea. Do we know whether or not he told his lawyer, hey, tell the State I'd like to take that? I misunderstood. He could have said that. Well, you understand the point, right? In Lafler v. Cooper and in Missouri v. Fry, I'm paraphrasing, but the United States Supreme Court advised trial courts and law counsel to, you know, make a record to preclude these frivolous appeals. I'm paraphrasing, but here the State could have said and laid out on the record, here's what the offer was that was rejected and here's why. But why do you need the State to say that when the court says it on the record and the defendant stands mute, he doesn't say anything? He says, yes, I understand, I want to bench trial. And then he falls on his sword in elocution, asks for mercy, apologizes to the victims, and then doesn't say anything else. I could have had 10. I don't know why I didn't do that. Again, some defendants might see that. Any indication he's a middle-aged man, any indication of mental deficiency in the record? Not that I specifically recall, Your Honor. I mean, from my reading of it, he's surely articulate, well-spoken person. As far as we can tell from the transcripts, the petition, he's as articulate as he could have been in the novel. So you can draw your own conclusion. You know, from our questions here, we understand that it appears that someone who had been given bad advice would have spoken up. Some do and some don't. Again, I think a lot of defendants are admonished, speak through your attorney once you're in court. Again, the rejection of the plea offer had to have occurred prior to the waiver, prior to the bench trial. Because there's a long period of time elapsed here between the charge and the trial, we don't know how long previously that plea offer, even the negotiation, or rejection took place, whether the defendant had a specific, or whether he was thinking of that when he waived his jury. My guess is at the time he waived his jury, he probably thought, okay, the plea offer's gone. It's off the table. It's done. I rejected it. Yes, some might speak up. I don't think it's unusual for an individual not to speak up. I think that is a question, though, that could be resolved at second or third stage. Certainly at the one to third stage if this man took the stand, these are questions that could be asked. Questions could also be asked at trial counsel. I can't tell Your Honors that his allegations are true. All we know is that these are the allegations in the defendant's position, is that these allegations raise a recognizable post-conviction claim because they're based on matters off the record, and they create questions of fact and credibility that cannot be resolved at first stage. And those are the reasons why Mr. Keithley respectfully asks Your Honors today to reverse or to vacate the summary dismissal order to remain on the cause for second stage proceedings, including the appointment of counsel in compliance with Supreme Court Rule 651C. Thank you. Thank you. Any last comments before we close? Good morning. I'm Barry Jacobs on behalf of the people of the state of Illinois, and the police and court, and counsel. So I have a question. How did the trial court's later admonition regarding consecutive sentencing in the MSR term at the time of the waiver cure any misadvice that counsel may have given him regarding the sentencing parameters? Well, it's the people's position that the record in this case is wholly unclear as to whether or not an offer was actually made and rejected. There is an indication, April 11, 2011, that there was some request for an offer. Perhaps an offer was conveyed. The public defender at that point had asked me to find any time that they could resolve this case. The next entry, which was May 26, 2011, there's no mention of an offer being rejected, anything happening. But we do know that at the arraignment, he was advised of the maximum penalty and a four-year to life indeterminate term. But not the consecutive sentencing part? Yes. So it's not disputed he was correctly advised before the jury approval was taken, but what if he had already rejected the plea offer based on misadvice by defense counsel? I would agree that the May 4, 2014, admonition by the court prior to the defendant waiving his right to jury trial does not necessarily cure what happened before. It's the people's position that the post-conviction petition, the pleadings, are inconsistent in themselves between the post-conviction petition and the affidavit so that the court really is left to fill in the blanks about whether there was an offer, what the terms of the offer were. At one point in his petition, he talked about a class III, 10-year registration. In his affidavit, he says a class X, 10-year term and 10-year registration. So the court is left to just fill in. It's our position that the petition just doesn't establish that there was an offer or what its terms were. Let's assume that's true, not to get too detailed into a mundane question, but let's assume, to raise the issue, is it inconsistent with the record? Is that sufficient or does it have to be under case law positively rebutted by the record? I'm sorry if I misspoke. The pleadings are inconsistent in themselves. This post-conviction petition is inconsistent with his affidavit. Isn't that true? Is it rebutted by the record? It's rebutted to the extent that he was properly admonished both at the arraignment and then on May 5th. No, but his point is he rejected it on the basis of bad advice or incomplete advice by counsel. There's nothing in the record to support that notion. All it says on April 11th, 2011, is that I'd like an offer. There's been an offer. The next date, May 26th, 2011, they set it for pre-trial. Presumably it was rejected, but there was no communication. You're right. There's nothing specific in the record to support that, but does the record rebut that? It's what he keeps saying. The record doesn't rebut that. Not particularly that. The record does rebut that. The community defendant was specific in some of this petition, very specific about the counsel that represented him at the time of these negotiations, the only reference being April 11th. As I point out in my brief, that counsel, Attorney Talens, wasn't even his attorney at that point. He's very specific that he was never advised prior to trial. And that is all rebutted by the record affirmatively. So the consecutive sentences, as I recall, I think the defense counsel's recollection was correct. He was advised and the correct mandatory supervisory release, but I don't think at arraignment he was correctly admonished. At arraignment, yes, he was advised of the consecutive nature of the maximum penalty. But at the time that he waived his right to jury trial, he was fully admonished of both the mandatory consecutive nature of the sentences and that he would be serving a three-year to life in the term to term penalty. Well, we agree with that, but he's saying what about the fact that he may have already rejected the plea officer when he found out then later the correct sentence? Based on the cases that were cited, the Moody case, the Padley-Locos case, and the Barks case, which was a second stage denial or dismissal, it would seem that there has to be some indication in the record that an offer was made, perhaps when it was made, and certainly in the terms. None of that is clear from this petition. So it's the State's position that this pleading doesn't state just the constitutional point that counsel was deficient. But even if it did, as I argued in the brief, there's no chance that the court would have imposed this 10-year sentence or this alleged offer that was given, this 10-year sentence on a Class X and a 10-year term in the MSR. So, therefore, the event can't show that there was reasonable probability that, but for counsel's errors or alleged errors, the court would have imposed this alleged offer, this 10-year term and a 10-year MSR. The court was allowed to do it. So for those reasons, it's the people's belief that the petition fails on its face and the court was correct in its determination that the petition failed on the president's front, at least. I spent a lot of time talking about how the record firmly rebutted the facts that were presented, but even assuming that those facts were true, as Your Honor has acknowledged, on May 4th, 2014, the defendant was fully admonished prior to waiving his right to jury trial and could have spoken up, could have said, hey, that's not what I remember, that's not what counsel told me. Significantly, there's no affidavit from counsel, no indication that he requested counsel provide an affidavit to say yes. I don't know which counsel would have done it, because it's not clear from the petition, but to say yes, I advise 10 years, 10 years. If there are no further questions, I'll waive the balance of my time and ask that the court affirm the trial court's dismissal. Thank you. Rebuttal. Thank you, Your Honor. Just briefly, Your Honor has raised an interesting question. What is meant by a claim being contradicted by the record? What must be shown in the record that we can determine that contradicts the claim? My position is that it has to be something more definite, something more specific, as opposed to a legitimate question, but a question nonetheless, well, wouldn't somebody speak up and say something in this circumstance? Certainly we would, many most educated individuals would, but some just don't. I think there has to be something more that would be inconsistent. Well, let me ask you this about the inconsistencies. Your client says in his petition that he remains steadfast in maintaining his innocence and he never waived or confessed to committing any sexual assaults against MP. Well, of course, as Your Honor noted, he apologized. Right, and it sounds to me like that's not true, that's a lie by the record. That lie is completely rebutted by the record because in elocution he says to my niece, to my sister, I am deeply sorry and remorseful for my actions and the trust that I broke between, et cetera. I mean, the trial court's looking at that, and you have to have something in the petition that's not contradicted by the record. This is clearly contradicted by the record. No, of course, he's not raising an actual innocence claim. No, he were. You know, he asked for forgiveness, I'm sorry, I just hope for mercy. Not a word about how he could have had a better deal. He goes on and he's talking, he's free to talk, he's not like somebody who's going to stand mute and just take his punishment. Well, it's interesting because I know Your Honors have seen, I've certainly seen, individuals exercise right of elocution and it goes off the rails, so to speak. Sometimes it criticizes the prosecution, sometimes it criticizes the witnesses, the justice system. I think, certainly as we all know, the purpose behind elocution is to give the judge a reason to impose a lenient sentence. And I would assume that if there is advice given by defense counsel to a defendant prior to elocution, it's to restrict your comments to that. So at that point, complaining about his attorney or the deal or what have you, probably would not have gained him points with the judge. Again, some people would say something, maybe at the time of the jury waiver, some would not. This does give rise to questions, again, questions of fact and credibility, which I think can only be determined at third stage. Go ahead, I'm sorry. Counsel, how do you respond to opposing counsel's point that the trial court would have been without authority to impose a 10-year sentence and a 10-year MSR? Well, with respect to a 10-year sentence, two of the offenses, the predatory were each class X. Right. Aggravated criminal sexual abuse was a class 2. I don't know if he was otherwise eligible for an extended term on the class 2. I don't recall the pre-sentence report. But certainly, if the offer was to plead guilty to one of those charges, certainly he could receive a 10-year prison sentence on a class X. If he were extended term eligible on the class 2, he could receive a 10-year sentence for that. Again, there are no specifics in the record as to exactly what did those plea negotiations entail. All we know is what we read from the defendant's petition map, and he says 10 years, which is not beyond the realm of possibility. Does it appear to be lenient? Yes, under the circumstances. But, of course, plea offers tend to be more lenient than what the state would seek if the case went to trial to provide an incentive to settle the case short of trial. Counsel, let me ask you this. At the time the trial judge took the defendant's jury waiver, was the defendant asked if up to that point he was satisfied that the representation would be received? Does the transcript reflect that being asked? I don't recall specifically. My guess is probably because that's normally a question we see. I do not recall offhand. I would ask that when I was in the trial courts. If the answer to that was yes, he was satisfied, could that be construed as positively rebutting? I don't believe so because we see defendants asking I'm sorry, answering questions like that in the affirmative, yes, I'm satisfied, and later making a claim of ineffective assistance, whether in a post-trial motion, post-plea motion, post-conviction petition. I think defendants are, I don't know if they're instructed, but I think they at least feel at that point for this to proceed this way. You have to say yes, as he does. And I don't believe that that would reflect the point at all. Thank you. So the defendant respectfully asks for a second stage proceeding. Thank you. Thank you, Your Honor. Court, thanks both parties for the quality of your arguments today. The case will be taken under advisement. A written decision will be issued.